UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEROY MONTEZ, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-13-1096-R ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

On September 6, 2013, Petitioner Leroy Montez, a federal prisoner appearing pro se, filed—in the United States District Court for the Northern District of Texas, which is the court in which he received his federal criminal sentence—a "Motion to Amend Judg[]ment Record Applying U.S.S.G. 5G1.3(c)" ("Petition," Doc. No. 1). On October 11, 2013, that court ordered that Petitioner's pleading be construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 and transferred the action to this Court. *See* Order, Doc. No. 3. United States District Judge David L. Russell has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). For the reasons discussed herein, the undersigned recommends that this action be dismissed without prejudice.

BACKGROUND

The underlying facts of this case follow a rather circuitous route through the state courts of Texas and the federal courts of Texas and Oklahoma, as reflected by

Petitioner's own recitation of facts, the background as recounted by the U.S. District Court for the Northern District of Texas, and publicly available dockets and filings.

### A. The Federal Sentencing

In August of 2007, while Petitioner was being held in the jail of Lubbock County, Texas, regarding Texas state criminal charges, the Northern District of Texas issued a writ of *habeas corpus ad prosequendum*, ordering Petitioner's appearance in that court to answer to federal criminal charges. Pet. at 1;[1] *United States v. Montez* ("*Montez I*"), No. 07-63-C-BG-1 (N.D. Tex. filed Aug. 15, 2007) (Doc. Nos. 4, 5).[2] Through a plea agreement, Petitioner pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See Montez I* (Doc. Nos. 13, 18). Pursuant to the plea agreement, Petitioner waived his right to contest his conviction and sentence in any collateral proceedings, including proceedings under 28 U.S.C. §§ 2241 and 2255, on any ground other than ineffective assistance of counsel. *See Montez I* (Doc. No. 13, at 4-5).

Petitioner asserts that he spent the period between his initial appearance in federal court on August 27, 2007, and his federal sentencing on February 1, 2008, in the Dickens County Correctional Center, a Texas state facility, "as a Federal hold-over." *See* Pet. at 1-2; *Montez I* (Doc. Nos. 5, 17, 18). On February 1, 2008, the U.S. District Court for the Northern District of Texas imposed a sentence of 30 months' imprisonment for the felon-in-possession conviction. *Montez I* (Doc. No. 18, at 1-2). This sentence was ordered "to

---

[1] Citations to documents filed in federal court use the page numbers assigned by the court's electronic filing system.

[2] The docket and filings for *Montez I* are publicly available upon login through https://ecf.txnd.uscourts.gov.

be served concurrently with any sentence which may be imposed in Case Nos. 2006-412,071 and 2006-412,070, as well as consecutive to any sentence which may be imposed in Case Nos. 2006-412,072 and 2007-414,853, all of which are pending in the 140th District Court, Lubbock County, Texas." *Montez I* (Doc. No. 18, at 2); *see also* Pet. at 2.

### B. The State Sentencing

After his federal sentencing, Petitioner returned to Texas state prison. Pet. at 2. Petitioner states that he was then sentenced in November 2008—in the 140th District Court of Lubbock County, Texas—to a 180-day term of imprisonment in Case No. 2006-412,072 (theft) and a concurrent 15-year term of imprisonment in Case No. 2007-414,853 (possession of controlled substance with intent to deliver). Pet. at 2; *Montez I* (Doc. Nos. 20, 21).

### C. Petitioner's Filings After Sentencing

On July 5, 2012, while still serving his 15-year state sentence but after his 180-day state sentence has been discharged, Petitioner filed a "Motion to Run Federal and State Sentences Concurrent Pursuant to USCA § 3585" in the Northern District of Texas. *Montez I* (Doc. No. 20). In this Motion, Petitioner requested the federal district court to run his federal term of imprisonment concurrently with his state term of imprisonment. *Id.* Petitioner argued that the federal firearms charge "arose out of the same criminal episode" as the state theft charge in Case No. 2006-412,072. *Id.* at 1.

The Northern District of Texas denied Petitioner's motion, reasoning that such concurrent running of sentences is available under § 5G1.3 of the United States

Sentencing Guidelines only when the pertinent sentences are imposed for offenses that constitute "relevant conduct" to each other. *See Montez I* (Doc. No. 21); U.S. Sentencing Guidelines Manual § 5G1.3(b) (2007). The court stated that because Petitioner did not plead any facts to suggest a connection between his federal offense and the controlled substances state offense (Case No. 2007-414,853), the only issue was "whether the state sentence for theft [in Case No. 2006-412,072] and the federal sentence for unlawful possession of a firearm should be run concurrently due to one being relevant conduct to the other." *Id.* at 5. The Northern District of Texas concluded that Petitioner did not sufficiently allege that his federal firearm-possession offense was relevant conduct to the state theft offense and denied relief on that basis. *Id.* at 5-6 (citing U.S. Sentencing Guidelines Manual § 1B1.3(a)(2) (2007)). The Northern District of Texas order focused upon "relevant conduct," a term found in Guidelines § 5G1.3(b); the order did not refer to or discuss the separate Guidelines provision § 5G1.3(c), which does not refer to or require "relevant conduct" to impose concurrent or consecutive sentences. *Id.* at 3-4; *see* U.S. Sentencing Guidelines Manual § 5G1.3(c) (2007).

The Northern District of Texas alternatively construed Petitioner's Motion as requesting to have the time Petitioner had served in connection with the state theft charge Case No. 2006-412,072 credited toward his federal sentence under 18 U.S.C. § 3585. *Montez I* (Doc. No. 21, at 4-5, 6-7 (citing 18 U.S.C. § 3585(b))). The Court rejected this request on two grounds. First, the Court held that a prisoner must seek credit awards through administrative review from the Bureau of Prisons ("BOP") before pursuing judicial review, and there was no indication that Petitioner had exhausted these

4

administrative remedies. *Id.* at 6. Second, the Court held that "prisoners are not entitled to federal credit for time served in state prison on an unrelated state charge" and that because Petitioner's charges in the federal criminal case and the state theft case are unrelated, they failed to satisfy the conditions of § 3585. *Id.* at 6-7.

In March 2013, Petitioner received parole on his sentence in Texas state Case No. 2007-414,853 and was returned to federal custody. Pet. at 2. Petitioner remains in federal custody at the Federal Transfer Center in Oklahoma City, Oklahoma. *See Montez I* (Doc. Nos. 23, 24); Pet. at 10; *Inmate Locator*, Fed. Bureau of Prisons, http://www.bop.gov/inmateloc (last visited Oct. 22, 2014) (searching BOP Reg. No. 98499-079).

As mentioned above, on September 6, 2013, Petitioner filed a "Motion to Amend Judg[]ment Record Applying U.S.S.G. 5G1.3(c)" in the Northern District of Texas. *See* Pet. The Northern District of Texas deemed Petitioner to be "attack[ing] the manner in which the sentence is executed" and characterized the filing as a "request for time credits." Transfer Order (Doc. No. 3) at 1-2 (internal quotation marks omitted). On October 11, 2013, that court ordered that the pleading be construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 and transferred the action to this Court. *See* Transfer Order at 2; *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner . . . must be filed in the same district where the prisoner is incarcerated." (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996))). The matter accordingly was opened here as a new 28 U.S.C. § 2241 habeas proceeding. *See Montez v. United States* ("*Montez II*"), No. CIV-13-1096-R

5

(W.D. Okla. filed Oct. 15, 2013). Petitioner's Motion is referred to as the "Petition" herein.

### D. The Petition

In his Petition, Petitioner argues that the sentencing court's failure to apply U.S. Sentencing Guidelines § 5G1.3(c) has forced Petitioner to serve a term of 94 months rather than the 30 months ordered by that court. Pet. at 2. Petitioner asks that the sentencing court amend its judgment to credit his sentence "for the time he spent in Federal Custody resolving the Federal Charge and the time he spent in State Custody." Pet. at 7. Petitioner contends that the sentencing court's "failure to apply . . . U.S.S.G. 5G1.3(c) constitute[s] a total miscarr[i]age of justice." Pet. at 6.

Following transfer and referral, the undersigned preliminarily found that Petitioner's action, now characterized as a 28 U.S.C. § 2241 habeas proceeding, was potentially subject to dismissal or denial on two grounds. *See* Order to Show Cause (Doc. No. 15) at 1, 3-4. First, the Petition seeks relief based upon the sentencing court's alleged failure to properly consider and apply the federal sentencing guidelines in determining his federal sentence. *See* Pet. *passim* (citing U.S. Sentencing Guidelines Manual § 5G1.3(c)). For this allegation to be raised in a petition for habeas relief under § 2241, the claim generally must be preceded by a motion to the sentencing court, under 28 U.S.C. § 2255, to modify or vacate the petitioner's sentence; but, Petitioner had not filed such a § 2255 motion in the sentencing court. *See* Order to Show Cause at 2-3. Second, the Petition could have been intended to argue that Petitioner has served certain time in federal custody (while housed in a state facility) that should be credited toward service of

his current federal sentence. *See* Pet. at 1-2. For this allegation in a § 2241 petition to be heard, the petitioner—subject to a narrow exception—must have exhausted administrative relief available from the BOP; but, Petitioner represented to the Court that he had not pursued exhaustion of such administrative remedies. *See* Order to Show Cause at 3-4. Therefore, the undersigned ordered Petitioner to show cause for why this action should not be dismissed based upon: (1) Petitioner's failure to file a 28 U.S.C. § 2255 motion in the court that imposed his federal criminal sentence and/or to show that the remedy of a § 2255 motion is "inadequate or ineffective"; and (2) Petitioner's failure to exhaust available administrative remedies prior to seeking federal habeas corpus relief under 28 U.S.C. § 2241. *See* Order to Show Cause at 4-5.

Petitioner timely responded to the Order, asserting that a 28 U.S.C. § 2255 motion to the sentencing court was the proper method to raise his argument. *See* Pet'r's Resp. (Doc. No. 16) at 1. Petitioner concedes that the § 5G1.3 issue he raised "can only be considered by the Sentencing Court, and the legality of [his] sentence can not be attacked through 2241 proceeding." *Id.* Petitioner adds, however, that after his federal sentencing he "was turned over to the custody of the State and by the time petitioner was returned back to serve his Federal Sentence petitioner was time barred and was unable to file a 28 U.S.C. 2255." *Id.*; *see also* 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section."). Petitioner further contends:

> [T]he Sentencing Court had other avenues beside[s] turning this brief to this Honorable Court to be construed under 28 U.S.C. 2241. . . . [T]here are other Writs the Court could have applied instead of transfer[r]ing this legal matter to this Court under 2241 when it was aware that this Honorable Court had no other cho[ic]e but to deny this petitioner's legal request.

Pet'r's Resp. at 1-2. Petitioner therefore requests that this matter be transferred back to the U.S. District Court for the Northern District of Texas. *Id.* at 2; Pet'r's Obj. (Doc. No. 12) at 2.

## ANALYSIS

A challenge to the validity of a federal prisoner's sentence is brought pursuant to 28 U.S.C. § 2255. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). However, a challenge to the execution of that sentence is properly brought pursuant to 28 U.S.C. § 2241. *See Bradshaw*, 86 F.3d at 166.

At the start, therefore, this Court must determine which type of claim Petitioner is asserting through his initial pleading. Petitioner's primary argument is that the sentencing court erred by failing to consider or by misapplying U.S. Sentencing Guidelines § 5G1.3(c) in imposing Petitioner's sentence, resulting in Petitioner serving an overlong sentence. *See* Pet. at 1, 2, 3-7. This argument is reurged in Petitioner's Response to the Order to Show Cause. *See* Pet'r's Resp. at 1-2. Petitioner does not argue that the BOP has incorrectly interpreted or executed the sentencing court's order. *See* Pet.; Pet'r's Resp. Thus, despite Petitioner's reference to "credit," his central contention of error is that the sentencing court's judgment was improper and invalid from the outset because that judgment was inconsistent with the U.S. Sentencing Guidelines—and not that the BOP has incorrectly denied him credit through a misapplication of the sentencing court's judgment. *See* Pet.

The latter argument would be an attack on the execution of his sentence and thus would be properly filed as a § 2241 habeas petition in this judicial district, where Petitioner is confined. *See Bradshaw*, 86 F.3d at 166; *McIntosh*, 115 F.3d at 811; *Setser v. United States*, 132 S. Ct. 1463, 1473 (2012) (holding that prisoner may raise claim with BOP for federal sentence credit based on time served in state proceedings and, if unsuccessful, may seek a writ of habeas corpus under § 2241). But because Petitioner's substantive argument is that the sentencing court's judgment was invalid as inconsistent with U.S. Sentencing Guidelines § 5G1.3(c), the undersigned respectfully disagrees with the sentencing court and, as detailed below, concludes that the Petition is most reasonably construed as a challenge to the validity—not the execution—of his federal sentence. Such a challenge is properly filed as a § 2255 habeas petition to the sentencing court.[3]

In reaching this conclusion, the undersigned refers to a recent case in which this Court analyzed a highly similar transfer from the Northern District of Texas. *See James v. Warden, FCI El Reno, Okla.*, No. CIV-13-641-HE, 2014 WL 1330015 (W.D. Okla. Mar. 12, 2014) (report and recommendation of Mitchell, J.), *adopted*, 2014 WL 1328304 (W.D. Okla. Mar. 28, 2014). In *James*, the petitioner, after arriving in federal custody in Texas following time in Texas state custody, sought in the Northern District of Texas to modify his federal criminal sentence to run concurrently with his state sentence and argued that the sentencing court had failed to apply Guidelines § 5G1.3(c). As it did here, the sentencing court deemed the petitioner to be attacking the manner in which his

---

[3] The undersigned makes no assessment as to whether Petitioner has waived his ability to seek relief under § 2255 or § 2241 through entry of his federal plea agreement.

9

sentence was being executed, construed the petitioner's motion as a § 2241 petition, and transferred the matter to this court. *See James*, 2014 WL 1330015, at *1-3. For substantially the same reasons discussed herein, Judge Mitchell concluded that the petitioner's claim in that case was cognizable under 28 U.S.C. § 2255, but not 28 U.S.C. § 2241, and recommended dismissal. *Id.* at *5.

Section 2255 provides that a prisoner in federal custody "claiming the right to be released upon the ground that the sentence was imposed in violation of the . . . laws of the United States, . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The Tenth Circuit has held that "28 U.S.C. § 2255, not § 2241, is the proper means of attacking errors that occurred during or before sentencing," such as the error alleged by Petitioner here in connection with the sentencing court's consideration of the federal Guidelines. *See Morrison v. Guzik*, Nos. 97-6351, -6416, 1998 WL 380539, at *2 (10th Cir. June 30, 1998) (internal quotation marks omitted); *accord Bradshaw*, 86 F.3d at 166-67 (rejecting attempt to obtain relief through § 2241 petition rather than § 2255 motion where petitioner "opposes his sentence and not the execution of his sentence"); *Carroll v. Peterson*, 105 F. App'x 988, 990 (10th Cir. 2004) (holding that claim that sentencing court should have provided for concurrent federal and state sentences under Guidelines § 5G1.3(c) "must be brought" under § 2255 rather than § 2241). The Fifth Circuit is in accord. *See, e.g.*, *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000) ("A § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255."); *see also Haynes v. U.S. Bureau of Prisons*, 413 F. App'x 779, 780 (5th Cir.

2011) ("To the extent that Haynes may be understood to contend that if a non-concurrent sentence was imposed it was erroneous under § 5G1.3(b), his claim is a challenge to the correctness of his federal sentences. Haynes is not entitled to proceed under § 2241 on such a claim unless he can demonstrate that relief is warranted under the savings clause of 28 U.S.C. § 2255(e), which he has failed to do.").[4]

Here, as in *James*, Petitioner claims "that the sentencing court misapplied § 5G1.3 of the federal sentencing guidelines and that he is serving a sentence longer than the sentencing court intended." *See* Pet. at 1-7; *James*, 2014 WL 1330015, at *5. Although Petitioner uses the word "credit" in his request for relief, his substantive argument is not that he was denied any credits but that the sentencing court misapplied § 5G1.3 of the Guidelines in formulating the judgment and failed to apply subsection (c) specifically. Petitioner claims error in the issuance of his original criminal judgment and sentence and seeks to have this sentence amended based upon application of § 5G1.3—a type of relief that is within the authority of the sentencing court, not this Court, to provide. Taken as a whole, the Petition is most reasonably construed as a motion to "correct the sentence," which must be filed in the sentencing court. *See* 28 U.S.C. § 2255(a); Pet. at 1-7.

---

[4] In both the Tenth and Fifth Circuits, a § 2241 petition attacking a sentence may be considered if the petitioner establishes that the remedy under § 2255 is "inadequate or ineffective," which is a bar that is met "[o]nly in rare instances." *See* 28 U.S.C. § 2255(e); *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *Tolliver*, 211 F.3d at 878. The mere fact that a § 2255 motion may be procedurally barred by the one-year statute of limitations (as expressly alluded to by Petitioner, *see* Pet'r's Resp. at 1) does not suffice to meet the "inadequate or ineffective" bar of § 2255(e). *Sines*, 609 F.3d at 1073-74; *Pack*, 218 F.3d at 452-53. No other basis for finding the remedy under § 2255 to be inadequate or ineffective is argued by Petitioner or reasonably suggested by the record.

Upon reaching this conclusion, the Court must decide if the action should be dismissed or recharacterized as one seeking relief under the auspices of 28 U.S.C. § 2255. *See James*, 2014 WL 1330015, at *6; *Castro v. United States*, 540 U.S. 375, 381-83 (2003); *United States v. Kelly*, 235 F.3d 1238, 1240-42 (10th Cir. 2000). The Supreme Court has instructed that recharacterization may only be undertaken subject to specific limitations:

> [T]he district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Castro*, 540 U.S. at 383; *see also* 28 U.S.C. §§ 2244(b)(3), 2255(h).

Here, Petitioner appears to recognize § 2255(e)'s one-year statute of limitations but has not been notified by the Court of the other attendant risks of recharacterizing the Petition. *See* Pet'r's Resp. at 1; *Castro*, 540 U.S. at 383; *Kelly*, 235 F.3d at 1242. In addition, because this Court was not the sentencing court, it would lack jurisdiction to consider a motion filed by Petitioner seeking relief under 28 U.S.C. § 2255. *See Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000); 28 U.S.C. § 2255(a). Further, to any extent the Petition does seek relief for alleged miscomputation of credit due under 18 U.S.C. § 3585(b), Petitioner undisputedly has not exhausted his administrative remedies with the BOP as required for judicial review, and Petitioner has not shown that an attempt to so exhaust would be futile. *See* Pet. at 6; Pet'r's Obj. at 1-2. Thus, this action would

also be subject to dismissal on that basis. *See Garza v. Davis*, 596 F.3d 1198, 1203-05 (10th Cir. 2010).

The undersigned therefore recommends that the current Petition be dismissed as seeking relief unavailable under 28 U.S.C. § 2241, without prejudice to Petitioner filing a motion to correct the federal sentence in the relevant sentencing court. *See* Pet.; 28 U.S.C. §§ 2241, 2255; *James*, 2014 WL 1330015, at *6; R. 1(b), 4, Rules Governing Section 2254 Cases in the United States District Courts.[5]

## RECOMMENDATION

For the foregoing reasons, it is recommended that this action, construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by November 14, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[5] The undersigned makes no assessment as to whether the instant Petition would be timely if considered under 28 U.S.C. § 2255 or regarding the applicability of equitable tolling to any future motion. Nor does the undersigned express any opinion as to the merits of Petitioner's Guidelines argument.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 24th day of October, 2014.

*Charles B. Goodwin*

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE